IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIALEA GRIGGS and <br> MARIA DEL CONSUELO DE ANDA, <br> on behalf of themselves and all others <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LIV ENTERPRISES, INC. and <br> LUKA IVANO, <br><br> Defendants. | Civil Action No: 1:23-cv-2089 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. This is an action brought on behalf of individuals who are current and former delivery drivers of Defendant LIV Enterprises, Inc. ("LIV"), challenging the unlawful misclassification of them as independent contractors instead of employees. LIV contracts with various companies to deliver freight across the United States. In order to make these deliveries, LIV employs delivery drivers such as Plaintiffs. LIV controls, supervises, and directs the manner in which its delivery drivers perform these services. The drivers' delivery services are integral and central to LIV's business as a delivery company. Moreover, the delivery drivers are economically dependent on LIV to assign deliveries and drivers do not operate independently established delivery businesses.

2. The above-named Plaintiffs assert claims under the Illinois Wage Payment and Collection Act ("IWPCA") and the federal Fair Labor Standards Act ("FLSA"), on behalf of themselves and all others similarly situated who have performed deliveries for LIV and who were

misclassified as independent contractors instead of employees, seeking remedies for statutory violations resulting from this misclassification.

## PARTIES

3. Plaintiff Tialea Griggs is an adult resident of Eden, North Carolina. From approximately November 2022 to March 2023, Plaintiff made freight deliveries on behalf of and at the direction of LIV in Illinois and other states. During the relevant time, Plaintiff was Defendant's employee for purposes of the IWPCA and the FLSA. Plaintiff Tialea Griggs' Notice of Consent is attached as **Exhibit A.**

4. Plaintiff Maria Del Consuelo De Anda is an adult resident of Edinburg, Texas. From approximately January 2023 to March 2023, Plaintiff made freight deliveries on behalf of and at the direction of LIV in Illinois and other states. During the relevant time, Plaintiff was Defendant's employee for purposes of the IWPCA and the FLSA. Plaintiff Maria Del Consuelo De Anda's Notice of Consent is attached as **Exhibit B.**

5. Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals in the states in which LIV operates, as well as on behalf of a proposed Rule 23 class of LIV delivery drivers in Illinois.

6. Defendant LIV Enterprises, Inc. ("LIV") is a corporate entity, organized in Illinois, with its headquarters (principal place of business) in Bollingbrook, Illinois. LIV conducts its delivery business throughout the United States.

7. LIV is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and LIV is an "employer" as that term is defined in the FLSA and the IWPCA.

8. Defendant Luka Ivano is the President CEO of LIV. In this capacity, Ivano is responsible for decisions relating to the classification and compensation structure for delivery drivers such as Plaintiffs.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

10. The Court also has jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because Defendants reside in this District, a substantial part of the events giving rise to this action occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

## FACTS

12. LIV is a company incorporated in Illinois with its principal place of business in Bollingbrook, Illinois.

13. LIV performs freight deliveries throughout the United States.

14. In order to provide these services, LIV employs hundreds of delivery drivers like Plaintiffs and class members.

15. LIV's website states that "the team at LIV Enterprises is proud of our professional truck drivers", has "a fleet going on 300+ assets" and "provide[s] top-notch opportunities to truck drivers across the country!"[1]

16. LIV has misclassified Plaintiffs and class members as non-employee "independent contractors."

---

[1] https://liventerprisesinc.com (last visited March 23, 2023).

17. Under the federal Fair Labor Standards Act, and under the IWPCA, LIV's delivery drivers are in fact employees as a matter of law.

18. For example, although the agreements with the drivers state that drivers are not employees of LIV, the economic reality of the arrangement is that drivers are actually employees of LIV.

19. The work of Plaintiffs and other delivery drivers falls squarely within LIV's usual course of business. Indeed, Plaintiffs and other delivery drivers are central to LIV's core business as a delivery company that provides delivery services.

20. Plaintiffs and other delivery drivers are not engaged in independently established trades, occupations, professions, or businesses. Rather, delivery drivers rely upon LIV to obtain delivery customers and assign deliveries.

21. LIV also controls the work performed by Plaintiffs and other delivery drivers by assigning the deliveries, scheduling the deliveries, monitoring their work and maintaining detailed records of each delivery performed, determining the delivery drivers' rate of pay, and retaining the authority to charge fees and/or terminate any delivery drivers whose work is unsatisfactory.

22. LIV pays Plaintiffs and other delivery drivers a set amount of cents per mile or a percentage of the freight amount. The drivers' compensation is unilaterally determined by LIV and delivery drivers are not able to negotiate their compensation.

23. LIV deducts various amounts from the delivery drivers' weekly pay for business-related costs, including insurance, truck and trailer rental payments, and tolls, all of which were required in order to perform the job. LIV also takes deductions from deliver drivers' pay for

items such as late deliveries. Drivers are not informed of these deductions in advance, and are not able to dispute them.

24. By misclassifying delivery drivers as independent contractors, LIV requires the drivers to bear the costs of performing delivery services, including, but not limited to, fuel, cell phone and GPS payments.

25. LIV did not reimburse Plaintiffs and other delivery drivers for incurring necessary expenditures or losses within the scope of their employment for LIV.

26. Plaintiffs personally made deliveries for LIV full time and did not – and could not – work anywhere else while working for LIV.

27. Plaintiffs and other delivery drivers frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by the FLSA. In many weeks, after deductions made from their pay, Plaintiffs did not make minimum wage.

28. For example, on February 3, 2023, despite driving approximately 1700 miles (which took approximately 33 hours), Plaintiff Griggs received a paycheck of $45.04. On February 17, 2023, Plaintiff Griggs received a paycheck of $7.57 after driving 615 miles (which took approximately 11 hours).

29. On February 24, 2023, despite driving 1,834 miles (which took approximately 38 hours), Plaintiff De Anda received a paycheck of $9.35.

30. In addition, Plaintiff Griggs did not receive a paycheck for her last week of work for LIV.

31. LIV's misclassification of its delivery drivers as independent contractors and the additional violations described above were willful and undertaken in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs' FLSA claims (Count I) should proceed as a collective action on behalf of all similarly situated individuals in the United States.

33. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendant did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring Count II of this action on behalf of themselves and other individuals who performed deliveries for LIV or any of its related or predecessor companies in Illinois within the past three years.

35. Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

   (a) The class includes over 40 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

   (b) Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

   (c) Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

   (d) Questions of law and fact are common to all class members, because this action concerns LIV's common business policies and practices, as summarized herein. The

legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e)     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## FAIR LABOR STANDARDS ACT–FAILURE TO PAY MINIMUM WAGES
## INDIVIDUAL AND COLLECTIVE ACTION

36.     Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

37.     Defendants failed to pay Plaintiffs and the members of the putative collective an hourly rate of at least the federal minimum wage of $7.25 for all hour worked as required by the FLSA, 29 U.S.C. § 206(a). Plaintiffs' paychecks were often significantly below minimum wage as a result of the deductions taken from their pay.

38.     Defendants' conduct in failing to ensure that its delivery drivers across the country, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage was knowing, willful, intentional, and done in bad faith.

39.     This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

40.     Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

41. At all relevant times, Plaintiffs and the proposed class members were "employees" of AN Enterprise as defined by the IWPCA.

42. At all relevant times, LIV and Luka Ivano were employers of Plaintiffs and the proposed class as defined by the IWPCA.

43. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making deductions from employees' wages.

44. LIV violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and the proposed class members' wages.

45. LIV also violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiffs and other class members who worked for it since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

46. Luka Ivano violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing LIV to make unlawful deductions from Plaintiffs' and the proposed class members' wages, and permitting drivers to incur expenses related to their work for LIV that should have been borne by Defendants.

47. Plaintiffs and the proposed class members seek all reimbursement for all unlawful deductions taken by Defendants from their wages, and well as unlawful expenses they were forced to incur as part of their work for Defendants.

### PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

A. Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. Appointing Tialea Griggs and Maria Del Consuelo De Anda as class representatives and their counsel as class counsel;

C. An order enjoining Defendants from violating the IWPCA;

D. All unpaid wages;

E. Liquidated damages under the FLSA;

F. Restitution for all deductions taken from Plaintiffs' and class members' wages;

G. Restitution for all Defendants' operating expenses that Plaintiffs and class members were forced to bear;

H. An award to Plaintiffs and the Rule 23 class of damages, statutory damages and penalties pursuant to the formula set forth in 820 Ill. Comp. Stat.115/14(a);

I. Pre-and post-judgment interest;

J. Attorneys' fees and costs, pursuant to the FLSA, IWPCA, and 49 U.S.C. § 14704(e);

K. Any other relief as this Court deems just and proper.

Dated: April 3, 2023

Respectfully Submitted,

**TIALEA GRIGGS** and **MARIA DEL CONSUELO DE ANDA,**
individually and on behalf of all others similarly situated,

*Plaintiffs*,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
500 Lake Cook Rd., Suite 350
Deerfield, IL 60015
Tel. (617) 994-5800

9

Fax (617) 994-5801
bmanewith@llrlaw.com


Harold L. Lichten (*pro hac vice*)
Olena Savytska (*pro hac vice*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com