IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIALEA GRIGGS, et al., | |
| Plaintiffs, | No. 23 C 2089 |
| v. | |
| LIV ENTERPRISES, INC., et al., | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

### ORDER

Defendants' Motion to Stay Discovery [ECF No. 48] ("Motion") is granted because Defendants have satisfied their burden under applicable case law in this Circuit for the stay they request.

Although the mere filing of a motion to dismiss ordinarily does not entitle a defendant to a stay of discovery, a district court has broad discretion in managing that discovery. *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (citations omitted); *see also* FED. R. CIV. P. 26. It is well-settled that the court should consider three factors to determine whether to enter a discovery stay pending resolution of a motion to dismiss. Those factors are: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Rodriguez*, 2022 WL 704780, at *2 (internal quotations omitted), quoting *Sadler v. Retail Properties*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (collecting cases). All factors weigh in favor of a discovery stay in this case for the reasons outlined in Defendants' filings in support of their Motion [ECF Nos. 48, 49, 53].

The first factor—prejudice—weighs in favor of a stay because a stay of discovery in this case will not unduly prejudice or tactically disadvantage the non-moving party. Plaintiffs already have a fully briefed motion for conditional certification [ECF Nos. 26, 27, 40, 41] pending, so they had enough information to have filed that motion. Although Plaintiffs will be delayed in obtaining discovery about their putative Rule 23 class, that kind of generalized delay caused by a stay does not present the kind of prejudice that would weigh strongly against granting a stay at this time. *Medline Industries, Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019); *Rodriguez*, 2022 WL 704780, at *2 (holding that "having to wait for resolution is not a persuasive reason to deny the motion to stay").

The second factor relating to efficiency also weighs in Defendants' favor because a stay of discovery has the potential to simplify and focus the issues in this case. That is true if Defendants' motion to dismiss [ECF No. 29] is granted but also in the event the motion to dismiss is denied because that also will serve to clarify the scope and strength of Plaintiffs' claims. Furthermore, a decision on Plaintiffs' pending motion for conditional certification also may help the parties and the Court to right size and manage discovery going forward if the case proceeds past the motion to dismiss stage as Plaintiffs argue it will. Lastly, decisions on these two pending motions also could inform any discussions the parties might have about whether settlement is a realistic possibility in this case. The Court hastens to add that neither party has suggested that settlement is realistic in this case as of now, but the Court is aware that such discussions often follow decisions on motions such as the pending motions here.

The third factor, relative to burden, also weighs in favor of a stay because a stay of discovery will reduce the burden of the litigation on the parties and the Court. Plaintiffs have served extensive, broad, and detailed discovery on Defendants. Responding to that discovery now, before rulings on the parties' pending motions, will require the expenditure of much time, effort, and resources by Defendants, and time and effort by the Court if often-inevitable disputes arise about overbreadth, proportionality, and burden. If the parties do want to discuss settlement after the pending motions are decided, then the amount of information Plaintiffs will need from Defendants, and vice versa, at least preliminarily and perhaps ultimately, will be much less voluminous than what Plaintiffs now seek in their interrogatories and requests for production of documents.

Although Plaintiffs oppose Defendants' request to stay discovery, they do not delve deeply into the three well-settled factors that inform the Court's decision today. Plaintiffs speak mostly in generalities and their opposition is somewhat perfunctory. Their argument at base seems to be that they are entitled to proceed with their case no matter what obstacles Defendants want to throw in their way, and decisions on the pending motions may delay the case but will not prevent it ultimately from proceeding. The Court has considered those arguments but finds they fall short for the reasons discussed in this Order.

Finally, the Court notes that Defendants' motion to dismiss and Plaintiffs' motion for conditional certification have been pending for almost 12 months so it may not be long before the parties have decisions on both motions that will directly inform the discovery that needs to be taken in this case. The Court views that additional delay in moving forward with discovery as justifiable at this juncture for the reasons discussed above.

Accordingly, Defendants' Motion to Stay Discovery [ECF No. 48] is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 16, 2024